Eric Stephenson #9779
Attorney for Plaintiff
360 North Cutler Drive
North Salt Lake, Utah 84054
Telephone: (801) 297-2494
Facsimile:  (801) 297-2511
Email: Eric@Utahjustice.com

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| Alexis Reid and Taylor Reid, <br><br>         Plaintiffs, <br><br> vs. <br><br> LVNV Funding LLC; Constantino Law Office P.C.; and Gregory Constantino; <br><br>         Defendants. | **COMPLAINT** <br><br><br> Case Number: <br><br> Judge: <br><br> **JURY DEMANDED** |

COME NOW Plaintiffs, Alexis Reid and Taylor Reid, by and through counsel and complains as follows:

JURISDICTION AND VENUE

1. This action arises from Defendants' violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, *et seq.*, and other state tort claims arising out of Defendants illegal, unfair, abusive, negligent, and deceptive efforts to collect a consumer debt.

2. Jurisdiction in this case is founded upon 28 U.S.C. § 1331, § 1367, and 15 U.S.C. § 1692k, which grant the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

3. Venue in this case is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the

1

acts and transactions giving rise to Plaintiff's claims occurred within this federal judicial district and because the Defendants conduct business and reside in the State of Utah within the meaning of 28 U.S.C. § 1391(b) and (c).

4. This Court has personal jurisdiction over the Defendants in this case because they have continuous and systematic contacts with the State of Utah including, but not limited to, residing in Utah, conducting business in Utah, regularly collecting or attempting to collect debt from Utah consumers, regularly enforcing agreements with Utah consumers, regularly contacting consumers in Utah by telephone, email, and other instruments of interstate commerce, and by availing themselves of the benefits of the Utah judicial system.

## PARTIES

5. The Plaintiff Alexis Reid is a natural person who resides in the State of Utah. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and was affected and harmed by the FDCPA and other violations complained of herein.

6. The Plaintiff Taylor Reid is a natural person who resides in the State of Utah. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and was affected and harmed by the FDCPA and other violations complained of herein.

7. Defendant LVNV Funding LLC, is a collection agency regularly conducting business in the State of Utah and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Its principle place of business is located at 625 Pilot Road STE 3, Las Vegas, NV 89119.

8. Although Defendant LVNV Funding is conducting a collection agency, collection bureau, or collection office in this state, it is not registered or bonded as a debt collection agency in

Utah as is required under Utah Code Ann. § 12-1-1.

9. Defendant Constantino Law Office P.C., is a collection agency regularly conducting business in the State of Utah and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Its principle place of business is located at 8537 South Redwood Road, Suite D West Jordan, Utah 84088.

10. Defendant Gregory Constantino is a debt collection attorney regularly conducting business in the State of Utah and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). His principle place of business is located at 8537 South Redwood Road, Suite D West Jordan, Utah 84088.

11. At all times relevant to this case, the Defendants were and are each a "person" as defined in Utah Code Ann. § 13-11-3(5), and a "supplier" as defined in Utah Code Ann. § 13-11-3(6).

12. All of the Defendants' regular and principle business purpose is the collection of debt they acquired from another when it was past due.

13. During the course of their efforts to regularly collect past due debt originally owed or due to another, Defendants use various instrumentalities of interstate commerce such as mail, telephone, Internet, and Internet electronic mail.

## FACTUAL ALLEGATIONS

14. In or around July 2008, Defendant LVNV Funding began attempting to collect a financial obligation from Amelia Tupouniua that it acquired when the debt was past due. That debt (hereafter referred to as the "alleged debt") was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. In an attempt to collect the alleged debt, Defendant LVNV sued Amelia Tupouniua on or about July 25, 2008.

16. Plaintiffs were not parties to the lawsuit against Amelia Tupouniua and have never been indebted to any of the Defendants.

17. Plaintiffs do not owe and have never owed Defendants or anyone else for the alleged debt.

18. Because Plaintiffs were not a party to the lawsuit against Amelia Tupouniua, Defendants never served or attempted to serve Plaintiffs with notice of the lawsuit.

19. In their lawsuit against Amelia Tupouniua, Defendant LVNV obtained a default judgment for $1,503.00 on or about September 22, 2008.

20. Because the alleged debt was still past due, in or around February 2014, LVNV engaged the Constantino Defendants to collect the alleged debt on its behalf. The Constantino Defendants then entered an appearance on behalf of LVNV and began attempting to collect the alleged debt on behalf of LVNV.

21. In order to collect the alleged debt, Defendants requested access to Amelia Tupouniua's private employment records on or about February 19, 2014.

22. Defendants then requested a writ of continuing garnishment of Amelia Tupouniua's wages on or about March 25, 2014 and the court granted that request the next day.

23. In their March 25, 2014 request for a writ of continuing garnishment Defendants included the last four digits of Alexis Reid's Social Security number and represented under criminal penalty of perjury that the information therein was true and correct and that Plaintiff's employer had verified that Amelia Tupouniua is employed with them, receives disposable

earnings from them, or is an independent contractor of theirs.

24. The information Defendants asserted in their March 25, 2014 request for a writ of garnishment was not true and correct. Upon information and belief, Amelia Tupouniua's Social Security number does not end with the same last four digits as Plaintiff's, Defendants had not verified Amelia Tupouniua's employment, and Amelia Tupouniua is not employed with Plaintiff's employer, does not receive disposable earnings from them, and is not an independent contractor of theirs.

25. Defendants served the writ of continuing garnishment on Plaintiff's employer on or about March 28, 2014 to obtain continuing garnishments of Plaintiff's wages.

26. Defendants requests and notifications pertaining to the writ of continuing garnishment constitute "communications" as defined in 15 U.S.C. § 1692a(2) and "consumer transactions" as defined in Utah Code Ann. § 13-11-3(2).

27. When they served Plaintiff Alexis Reid's employer with the writ of continuing garnishment Defendants provided Plaintiff's entire Social Security number and falsely represented that Plaintiff's name was an alias of Amelia Tupouniua.

28. Plaintiff's employer reasonably relied on Defendants' representations when it provided Defendants with Plaintiff's private employment information and fulfilled the continuing garnishments of Plaintiff's wages.

29. Defendants then received Plaintiff's private employment records from Plaintiff's employer on or about April 9, 2014.

30. Upon information and belief, Defendants did not receive verification of Plaintiff's

employment from Plaintiff's employer until or after April 9, 2014.

31. The Plaintiff's employer notified her that Defendants were garnishing her wages on or about April 2, 2014. That notification was the first time Plaintiffs became aware of the alleged debt or the Defendants' lawsuit against Amelia Tupouniua.

32. Upon discovering the wage garnishments, Plaintiffs called Defendants and visited Defendants in person on more than one occasion. During the calls and visits Plaintiffs informed Defendants that Alexis Reid was not Amelia Tupouniua, that she was a victim of identity theft, that she was not indebted to Defendants, that the garnishments against her were unlawful, and that they were depriving Plaintiffs of their lawfully earned income.

33. During the personal visits Plaintiffs also provided Defendants with proof of Alexis Reid's identity including her birth certificate, passport, driver's license, and Social Security card.

34. During at least one telephone call Defendants acknowledged they would stop the garnishments against Plaintiff if she sent them her driver's license and Social Security card.

35. During at least one personal visit Defendants acknowledged they were aware Plaintiff was not Amelia Tupouniua but represented that they would still continue garnishing her wages.

36. Because Defendants would not withdraw or correct their request to garnish Plaintiff's wages, Plaintiffs objected to the Defendants' garnishments on or about April 18, 2014.

37. On or about May 2, 2014, the state court held a hearing on Plaintiff's objection. At the objection hearing the court ruled that Alexis Reid was not Amelia Tupouniua and that the garnishments against her were unlawful. The court also ordered Defendants to cease garnishing the Plaintiff's wages and to return all of the funds they previously garnished.

38. After the court ordered them to do so Defendants refunded the wages they previously caused to be garnished from the Plaintiffs. Defendants then engaged in a repeating cycle of causing Plaintiff's wages to be garnished unlawfully and then refunding those wages.

39. In total, Defendants caused Plaintiff's wages to be garnished unlawfully at least four times.

40. Defendants notified Plaintiff's employer to stop garnishing wages from Amelia Tupouniua on or about May 2, 2014 but Defendants knew or should have known the notification would not stop the garnishments because it contained an incorrect Social Security number, did not contain the Plaintiff's name, was not sent to the correct address, and did not contain an order from the court quashing the garnishments.

41. Upon information and belief, Defendants notified Plaintiff's employer to stop garnishing wages from Plaintiff on or about May 12, 2014 but Defendants knew or should have known the notification would not stop the garnishments because it contained an incorrect Social Security number and did not contain an order from the court quashing the garnishments.

42. Defendants notified Plaintiff's employer to stop garnishing Plaintiffs' wages on or about May 22, 2014 but Defendants knew or believed the notification would not stop the garnishments because it did not contain an order from the court quashing the garnishments.

43. Defendants never notified Plaintiff's employer that Alexis Reid and Amelia Tupouniua are two different people, that the Plaintiff's name was not an alias, that the garnishments against Plaintiff were unlawful, or that Plaintiff is a victim of identity theft.

44. Defendants never notified Plaintiff's employer that Plaintiff did not have any obligation to repay the alleged debt, that the judgment against Amelia Tupouniua did not apply to

      Plaintiff, or that the judgment was stayed, vacated, or satisfied in full.

45. Defendants did not advise Plaintiff's employer that the court quashed the garnishments against Plaintiff until May 22, 2014.

46. Each of the garnishments Defendants caused against the Plaintiffs were groundless, unlawful, and deprived Plaintiffs of household income to which they were lawfully entitled.

47. Each garnishment Defendants caused against the Plaintiffs constitutes a collection or attempt to collect a debt under the FDCPA and a consumer transaction under the UCSPA.

48. The conduct, actions, and omissions by which Defendants collected the alleged debt caused Plaintiffs damages as described herein and were violations of numerous and multiple provisions of the FDCPA, including but not limited to, 15 U.S.C.§§ 1692c(b), 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(6), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692i, amongst others.

49. The conduct, actions, and omissions by which Defendants collected the alleged debt and caused Plaintiff's wages to be garnished unlawfully as described herein were violations of the UCSPA, including but not limited to Utah Code Ann. § 13-11-4 and 13-11-5.

50. Each of the actions, omissions, and communications of the Defendants as discussed herein that violated the FDCPA and UCSPA would have misled the least sophisticated consumer or any person of average intelligence. Indeed, the actions, omissions, and communications of the Defendants as discussed herein that violated the FDCPA and UCSPA deceived Plaintiff's employer into concluding that the garnishments against Plaintiff were lawful even though they were not.

51. Defendants failed to reasonably consider and evaluate information about Amelia Tupouniua and Alexis Reid they were provided with or had access to from all available sources. Such information included their names, addresses, Social Security numbers, dates of birth, and physical descriptions. Upon information and belief, Defendants also had access to other information about Amelia Tupouniua and Alexis Reid that would have led to the reasonable conclusion that Plaintiff was not Amelia Tupouniua.

52. At all times relevant to this lawsuit Plaintiff was a victim of identity theft and thus, did not assume the risk of being sued or having her wages garnished unlawfully or otherwise.

53. At all times relevant to this lawsuit Plaintiffs used reasonable care and diligence in an effort to minimize and avoid the damages caused by the Defendants' conduct.

54. Plaintiffs have suffered actual damages as a result of the unlawful collection conduct and communications discussed herein by the Defendants in the form of a loss of credit opportunity; significant, unexpected, and unjustified reduction in Plaintiffs' household income; substantial and unjustified financial hardships; employment difficulties; physical pain and suffering; as well as significant emotional distress, anxiety, fear, frustration, anger, sleeplessness, loss of appetite, depression, humiliation, marital and family difficulties, a sense of powerlessness, and other negative emotions.

55. Plaintiff Taylor Reid had two stage back fusion surgery on January 2, 2014 and is thus particularly susceptible to the effects of stress, anxiety, and other negative emotions.

56. As a result of the unlawful collection conduct and communications by the Defendants, Plaintiffs were forced to engage legal counsel and defend themselves in unjust litigation.

57. Defendants also intentionally, maliciously, negligently, or recklessly aggravated Plaintiffs' damages by continuing to cause Plaintiffs' wages to be garnished unlawfully and forcing Plaintiffs into a repeating cycle of unlawful garnishments and subsequent refunds even after it knew it was collecting from the wrong person and that Plaintiffs were suffering from, among other things, substantial financial hardship and difficulty, physical pain, emotional distress, anxiety, fear, frustration, anger, humiliation, and other negative emotions.

58. Defendants had notice of Plaintiff Taylor Reid's physical condition during the course their collection of the alleged debt and nonetheless continued to act in an unlawful, oppressive, abusive, negligent, reckless, and unconscionable manner as described herein and otherwise.

59. Plaintiff's damages were the direct and proximate result of Defendants' willful and malicious or intentionally fraudulent conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiffs.

**Respondeat Superior Liability**

60. At all times relevant to this lawsuit the Constantino Defendants were agents of Defendant LVNV which exercised control over, was aware of, or ratified the Constantino Defendants' conduct and activities described herein.

61. Each of the Defendants' unlawful conduct described herein occurred within the course and scope of the Constantino Defendants' employment for LVNV. The acts and omissions of the Defendants described herein were the same general kind of responsibilities the Constantino Defendants were authorized to perform by LVNV in collecting consumer debts.

62. The acts and omissions of the Defendants as described herein were committed within the time and space limits of the Defendants' agency relationship with each other.

63. By committing the acts and omissions as described herein against Plaintiffs, the Constantino Defendants were motivated to benefit LVNV and serve its interests.

64. Defendants are therefore liable to Plaintiffs jointly and severally through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions of each other in violation of the FDCPA, the UCSPA, and other legal theories set forth herein.

## COUNT I
## Fair Debt Collection Practices Act

65. Plaintiffs hereby incorporate all other allegations set forth in this complaint.

66. In connection with the collection of the alleged debt, Defendants' actions, omissions, and representations as discussed herein constitute numerous and multiple violations of the FDCPA against the Plaintiffs including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq*.

67. As a result of each of Defendants' violations of the FDCPA as discussed herein, Plaintiffs were harmed as described herein and are entitled to an award against Defendants for their actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II
## Utah Consumer Sales Practices Act

68. Plaintiffs hereby incorporate all other allegations set forth in this complaint.

69. In connection with collecting the debt Defendants' actions, omissions, communications, and representations discussed herein constitute numerous and multiple violations of the Utah Consumer Sales Practices Act against the Plaintiffs including, but not limited to, each and every one of the above-cited provisions of the UCSPA, Utah Code Ann. § 13-11-1 *et seq.*

70. As a result of each of Defendants' violations of the UCSPA as discussed herein, Plaintiffs were harmed as described herein and are entitled to an award against Defendants for actual damages or $2,000.00 statutory damages (whichever is higher), punitive damages, and attorney's fees and costs from Defendants pursuant to Utah Code Ann. § 13-11-19 and Utah Code Ann. § 78B-8-201.

## COUNT III
### Invasion of Privacy

71. Plaintiffs hereby incorporate all other allegations set forth in this complaint.

72. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings, "Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**." 15 U.S.C. § 1692(a) (emphasis added).

73. Defendants intentionally or negligently invaded Plaintiffs' right to privacy by interfering, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiffs by unlawfully attempting to collect a debt from Plaintiffs, by obtaining Plaintiff's private employment information, and by unlawfully garnishing Plaintiff's wages.

74. Defendants intentionally or negligently invaded Plaintiffs' right to privacy by causing emotional harm to Plaintiffs in engaging in the highly offensive conduct described herein in the course of collecting the alleged debt.

75. At all times relevant to this lawsuit Plaintiffs had a reasonable expectation of privacy in their solitude, seclusion, private financial information, and private concerns or affairs.

76. The conduct of the Defendants in engaging in the above-described illegal collection conduct against Plaintiffs resulted in multiple intrusions and invasions of privacy by the Defendants in a way that would be highly offensive to a reasonable person in that position.

77. As a result of the Defendants' intrusions and invasions of Plaintiffs' privacy, Plaintiffs were harmed and suffered damages as described herein and are entitled to an award against Defendants for actual damages in an amount to be determined at trial.

COUNT IV
Negligence

78. Plaintiffs hereby incorporate all other allegations set forth in this complaint.

79. In garnishing Plaintiff's wages Defendants had a duty under Utah Code Ann. § 78A-2-216 to exercise reasonable diligence to determine whether the Plaintiff and Amelia Tupouniua were the same individual.

80. Defendants knew, or in the exercise of reasonable care should have known, that they could harm Plaintiffs financially, emotionally, or otherwise by failing to exercise reasonable diligence to determine whether the Plaintiff and Amelia Tupouniua were the same individual.

81. Defendants were negligent and violated the duty of care by failing to reasonably consider and evaluate information about Amelia Tupouniua and the Plaintiff that they were provided with or had access to from all available sources. Such information included their names, addresses, Social Security numbers, dates of birth, and physical descriptions. Upon information and belief, that information also included additional information about Amelia Tupouniua and Plaintiff that would have led to the reasonable conclusion that Plaintiff was not Amelia Tupouniua.

82. Defendants were also negligent and violated the duty of care by failing to make previous contact with Plaintiff and by disregarding information that demonstrated Plaintiff was not Amelia Tupouniua and was not responsible for the alleged debt.

83. At all times relevant to this case it was foreseeable that failing to exercise reasonable diligence to determine whether the Plaintiff and Amelia Tupouniua were the same individual would likely result in an unlawful garnishment of wages and cause various forms of economic, emotional, and other harm against the Plaintiffs.

84. Defendants knew or should have known of the risk that failing to exercise reasonable diligence to determine whether the Plaintiff and Amelia Tupouniua were the same individual would result in unlawful garnishments of wages and cause economic, emotional, and other harm to the Plaintiffs, but the Defendants nonetheless consciously assumed that risk or alternatively did not care about the consequences of their actions.

85. In garnishing Plaintiff's wages Defendants had a duty under Utah Code Ann. § 78B-5-705 to provide Plaintiff's employer with information that was true and correct.

86. Defendants knew, or in the exercise of reasonable care should have known, that they could harm Plaintiffs financially, emotionally, or otherwise by failing to provide Plaintiff's employer with information that was true and correct.

87. Defendants were negligent and violated the duty of care by, among other things:

    a. misrepresenting Plaintiff's name as an alias of Amelia Tupouniua,

    b. failing to timely inform Plaintiff's employer that Amelia Tupouniua and Plaintiff were different people,

    c. providing Plaintiff's employer with information it knew or should have known was not true and correct,

    d. failing to immediately and effectively inform Plaintiff's employer that they previously provided information that was not true and correct, and

    e. failing to effectively and immediately cease the unlawful garnishments.

88. At all times relevant to this case it was foreseeable that violating the duty of care would likely result in an unlawful garnishment of wages and cause various forms of economic, emotional, or other harm against the Plaintiffs.

89. Defendants knew or should have known of the risk that violating the duty of care would likely result in an unlawful garnishment of wages and cause various forms of economic, emotional, or other harm against the Plaintiffs but the Defendants nonetheless consciously assumed that risk or alternatively did not care about the consequences of their actions.

90. As a direct and proximate result of Defendants' negligent breaches of the duties of care, Plaintiffs were harmed and suffered damages as described herein and are entitled to an

award against Defendants for actual damages in an amount to be determined at trial.

## COUNT V
## Wrongful Garnishment

91.   Plaintiffs hereby incorporate all other allegations set forth in this complaint.

92.   The foregoing acts and omissions by Defendants violated Utah Code Ann. § 78A-2-216 and as a result Plaintiffs were harmed as described herein and are entitled to an award against Defendants for statutory damages up to $1,000.00.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against Defendants jointly and severally as follows:

1.   For actual, statutory, and punitive damages in an amount to be determined at trial.

2.   For Plaintiff's attorney's fees and costs reasonably incurred in pursuing this action.

3.   For pre-judgment and post judgment interest at the legal rates.

4.   For permission to amend Plaintiff's Complaint should such amendment become appropriate during the course of discovery.

5.   For such other and further additional relief as may be determined through discovery to be appropriate and as the Court may find just, equitable, and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 26th day of June, 2014.

/s/ Eric Stephenson  
Attorney for Plaintiff

16