WILLIAM H. CHRISTENSEN (#4810)
JON A. REED (#13848)
**LARSEN CHRISTENSEN & RICO, pllc**
170 South Main Street, Suite 1150
Salt Lake City, Utah 84101
Telephone: (801) 364-6500
wchristensen@larsenrico.com
jreed@larsenrico.com

*Attorneys for LVNV Funding, LLC*

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALEXIS REID and TAYLOR REID,<br><br>     Plaintiffs,<br><br>v.<br><br>LVNV Funding LLC; Constantino Law Office P.C. and Gregory Constantino;<br><br>     Defendants. | **DEFENDANT LVNV FUNDING, LLC'S ANSWER TO PLAINTIFFS ALEXIS REID AND TAYLOR REID'S COMPLAINT**<br><br>Case No. 2:14-cv-471 DAK |

1

Defendant LVNV Funding, LLC ("Defendant"), for itself and for no other party, hereby answers the complaint ("Complaint") of Plaintiffs Alexis Reid and Taylor Reid ("Plaintiffs").  To the extent the allegations in the Complaint are directed to a party other than Defendant, Defendant is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis, denies them.

## JURISDICTION AND VENUE

1. Answering Paragraph 1 of the Complaint, Defendant admits only that Plaintiffs purport to allege a violation of the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and other state tort claims.  Defendant denies violating the FDCPA and denies that it engaged in illegal, unfair, abusive, negligent or deceptive efforts to collect a consumer debt.

2. Answering Paragraph 2 of the Complaint, these allegations consist of legal conclusions to which no response is required.  As a further response, Defendant denies these allegations to the extent they misstate the law.

3. Answering Paragraph 3 of the Complaint, Defendant admits that it conducts business within the State of Utah.  Except as stated, these allegations consist of legal conclusions to which no response is required.  As a further response, Defendant denies these allegations to the extent they misstate the law.

4. Answering Paragraph 4 of the Complaint, Defendant admits that it conducts business within the State of Utah.  Defendant denies that it collects debts or attempts to collect debts in the State of Utah.  Except as stated, these allegations consist of legal conclusions to which no response is required.  As a

further response, Defendant denies these allegations to the extent they misstate the law.

**PARTIES**

5.      Answering Paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' residency allegations, and on that basis, denies them. Further, Defendant denies engaging in any wrongful conduct. Except as stated, these allegations consist of legal conclusions to which no response is required. As a further response, Defendant denies these allegations to the extent they misstate the law.

6.      Answering Paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiffs' residency allegations, and on that basis, denies them. Further, Defendant denies engaging in any wrongful conduct. Except as stated, these allegations consist of legal conclusions to which no response is required. As a further response, Defendant denies these allegations to the extent they misstate the law.

7.      Answering Paragraph 7 of the Complaint, Defendant admits that it conducts business in the State of Utah and its principle place of business is located at 625 Pilot Road, Suite 3, Las Vegas, NV 89119. Further, Defendant denies that it is a collection agency or a debt collector. Except as stated, these allegations consist of legal conclusions to which no response is required. As a further response, Defendant denies these allegations to the extent they misstate the law.

8.      Answering Paragraph 8 of the Complaint, Defendant denies that it is a collection agency, collection bureau, collection office or a debt collector. Except as stated, these allegations consist of legal conclusions to which no response is required.  As a further response, Defendant denies these allegations to the extent they misstate the law.

9.      Answering Paragraph 9 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

10.     Answering Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

11.     Answering Paragraph 11 of the Complaint, these allegations consist of legal conclusions to which no response is required.  As a further response, Defendant denies these allegations to the extent they misstate the law.

12.     Answering Paragraph 12 of the Complaint, Defendant denies that its regular and principle business purpose is the collection of any debts.

13.     Answering Paragraph 13 of the Complaint, Defendant denies that it regularly collects past due debts.  Defendant also denies that it uses the mail, telephone, internet or internet electronic mail to collect past due debts.

## **FACTUAL ALLEGATIONS**

14.     Answering Paragraph 14 of the Complaint, Defendant only admits that in or about July 2008, Defendant filed a Complaint against Amelia Tupouniua to recover an unpaid financial obligation.  Except as stated, these allegations

consist of legal conclusions to which no response is required.  As a further response, Defendant denies these allegations to the extent they misstate the law.

15.     Answering Paragraph 15 of the Complaint, Defendant admits that in or about July 2008, Defendant filed a Complaint against Amelia Tupouniua, in the Third District Court, State of Utah, Salt Lake City Department, Case Number 080914014 (the "Lawsuit"), to recover an unpaid financial obligation.

16.     Answering Paragraph 16 of the Complaint, Defendant admits that Plaintiffs were not named as parties to the Lawsuit against Amelia Tupouniua.  Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

17.     Answering Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

18.     Answering Paragraph 18 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

19.     Answering Paragraph 19 of the Complaint, Defendant admits that on or about September 22, 2008, Defendant obtained a default judgment against Amelia Tupouniua with a principal amount of $1,503.72 (the "Judgment").

20.     Answering Paragraph 20 of the Complaint, Defendant admits that in or about February 2014, Defendant retained Constantino Law Office P.C. ("Constantino Law") to collect the Judgment.  Defendant also admits that Constantino Law attempted to collect the Judgment.  Except as stated,

Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

21. Answering Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

22. Answering Paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

23. Answering Paragraph 23 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

24. Answering Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

25. Answering Paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

26. Answering Paragraph 26 of the Complaint, these allegations consist of legal conclusions to which no response is required.  As a further response, Defendant denies these allegations to the extent they misstate the law.

27. Answering Paragraph 27 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

28. Answering Paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

29. Answering Paragraph 29 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

30. Answering Paragraph 30 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

31. Answering Paragraph 31 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

32. Answering Paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

33. Answering Paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

34. Answering Paragraph 34 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

35. Answering Paragraph 35 of the Complaint, Defendant denies these allegations.

36. Answering Paragraph 36 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

37. Answering Paragraph 37 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

38. Answering Paragraph 38 of the Complaint, Defendant denies that it engaged in any unlawful conduct.  Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

39. Answering Paragraph 39 of the Complaint, Defendant denies these allegations.

40. Answering Paragraph 40 of the Complaint, Defendant denies that it knew should have known that the subject notification would not stop the garnishments.  Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

41. Answering Paragraph 41 of the Complaint, Defendant denies that it knew or should have known that the subject notification would not stop the garnishments.  Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

42. Answering Paragraph 42 of the Complaint, Defendant denies that it knew or should have known that the subject notification would not stop the garnishments. Except as stated, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

43. Answering Paragraph 43 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

44. Answering Paragraph 44 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

45. Answering Paragraph 45 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

46. Answering Paragraph 46 of the Complaint, Defendant denies these allegations.

47. Answering Paragraph 47 of the Complaint, these allegations consist of legal conclusions to which no response is required. As a further response, Defendant denies these allegations to the extent they misstate the law.

48. Answering Paragraph 48 of the Complaint, Defendant denies these allegations.

49. Answering Paragraph 49 of the Complaint, Defendant denies these allegations.

50. Answering Paragraph 50 of the Complaint, Defendant denies these allegations.

51. Answering Paragraph 51 of the Complaint, Defendant denies these allegations.

52. Answering Paragraph 52 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

53. Answering Paragraph 53 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

54. Answering Paragraph 54 of the Complaint, Defendant denies these allegations.

55. Answering Paragraph 55 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

56. Answering Paragraph 56 of the Complaint, Defendant denies these allegations.

57. Answering Paragraph 57 of the Complaint, Defendant denies these allegations.

58. Answering Paragraph 58 of the Complaint, Defendant denies these allegations.

59. Answering Paragraph 59 of the Complaint, Defendant denies these allegations.

**Respondeat Superior Liability**

60. Answering Paragraph 60 of the Complaint, Defendant denies these allegations.

61. Answering Paragraph 61 of the Complaint, Defendant denies these allegations.

62. Answering Paragraph 62 of the Complaint, Defendant denies these allegations.

63. Answering Paragraph 63 of the Complaint, Defendant denies these allegations.

64. Answering Paragraph 64 of the Complaint, Defendant denies these allegations.

## COUNT I

Fair Debt Collection Practices Act

65. Answering Paragraph 65 of the Complaint, Defendant incorporates by reference its responses to the allegations in the Complaint as though fully set forth herein.

66. Answering Paragraph 66 of the Complaint, Defendant denies these allegations.

67. Answering Paragraph 67 of the Complaint, Defendant denies these allegations.

## COUNT II

Utah Consumer Sales Practices Act

68. Answering Paragraph 68 of the Complaint, Defendant incorporates by reference its responses to the allegations in the Complaint as though fully set forth herein.

69. Answering Paragraph 69 of the Complaint, Defendant denies these allegations.

70. Answering Paragraph 70 of the Complaint, Defendant denies these allegations.

## COUNT III

Invasion of Privacy

71. Answering Paragraph 71 of the Complaint, Defendant incorporates by reference its responses to the allegations in the Complaint as though fully set forth herein.

72. Answering Paragraph 72 of the Complaint, these allegations consist of legal conclusions to which no response is required. As a further response, Defendant denies these allegations to the extent they misstate the law.

73. Answering Paragraph 73 of the Complaint, Defendant denies these allegations.

74. Answering Paragraph 74 of the Complaint, Defendant denies these allegations.

75. Answering Paragraph 75 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations, and on that basis, denies them.

76. Answering Paragraph 76 of the Complaint, Defendant denies these allegations.

77. Answering Paragraph 77 of the Complaint, Defendant denies these allegations.

## COUNT IV

### Negligence

78. Answering Paragraph 78 of the Complaint, Defendant incorporates by reference its responses to the allegations in the Complaint as though fully set forth herein.

79. Answering Paragraph 79 of the Complaint, these allegations consist of legal conclusions to which no response is required.  As a further response, Defendant denies these allegations to the extent they misstate the law.

80. Answering Paragraph 80 of the Complaint, Defendant denies these allegations.

81. Answering Paragraph 81 of the Complaint, Defendant denies these allegations.

82. Answering Paragraph 82 of the Complaint, Defendant denies these allegations.

83. Answering Paragraph 83 of the Complaint, Defendant denies these allegations.

84. Answering Paragraph 84 of the Complaint, Defendant denies these allegations.

85. Answering Paragraph 85 of the Complaint, these allegations consist of legal conclusions to which no response is required. As a further response, Defendant denies these allegations to the extent they misstate the law.

86. Answering Paragraph 86 of the Complaint, Defendant denies these allegations.

87. Answering Paragraph 87, and each of its subparts, of the Complaint, Defendant denies these allegations.

88. Answering Paragraph 88 of the Complaint, Defendant denies these allegations.

89. Answering Paragraph 89 of the Complaint, Defendant denies these allegations.

90. Answering Paragraph 90 of the Complaint, Defendant denies these allegations.

## COUNT V

Wrongful Garnishment

91. Answering Paragraph 91 of the Complaint, Defendant incorporates by reference its responses to the allegations in the Complaint as though fully set forth herein.

92. Answering Paragraph 92 of the Complaint, Defendant denies these allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

93. Plaintiffs fail to state a claim upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE

94. Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

95. Plaintiffs are barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

### FOURTH AFFIRMATIVE DEFENSE

96. Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate their alleged damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

97. Defendant expressly reserves any defenses that may be available to it under any applicable laws of other jurisdictions, in accordance with applicable choice of law rules.

### SIXTH AFFIRMATIVE DEFENSE

98. Plaintiffs' claims are barred in whole or in part because Plaintiffs consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

### SEVENTH AFFIRMATIVE DEFENSE

99. Defendant's conduct was privileged or justified.

### EIGHTH AFFIRMATIVE DEFENSE

100. Plaintiffs have waived any and all claims, rights and demands made in the Complaint.

### NINETH AFFIRMATIVE DEFENSE

101. Plaintiffs' claims may be barred because any alleged acts or omissions of Defendant giving rise to Plaintiffs' claims, if any, were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures implemented by Defendant to avoid any such acts or omissions. Defendant at all times acted in a reasonable manner in connection with the transactions at issue in this action.

### TENTH AFFIRMATIVE DEFENSE

102. Plaintiffs' claims may be barred because the acts or omissions of which Plaintiffs complain have been approved or mandated, implicitly or expressly, by applicable statutes and regulations.

### ELEVENTH AFFIRMATIVE DEFENSE

103. Plaintiffs' claims may be barred because Defendant at all times complied in good faith with all applicable statutes and regulations.

### TWELFTH AFFIRMATIVE DEFENSE

104. Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiffs'.

## THIRTEENTH AFFIRMATIVE DEFENSE

105. Any harm alleged in the Complaint can be attributed to several causes, and the damages for this harm, if any, should be apportioned among the various causes according to the contribution of each cause to the harm sustained.

## FOURTEENTH AFFIRMATIVE DEFENSE

106. If Plaintiffs suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

107. If Plaintiffs suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the intervening acts of others, and not by Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

108. Defendant's liability is several and limited to its own actionable percentage of fault, if any. To the extent that Plaintiffs' claims sound in negligence, the negligence or fault of Plaintiffs is greater than or equal to the negligence or fault, if any, of this Defendant and, therefore, Plaintiffs' claims are barred. In the alternative, the amount of damages for which this Defendant may be liable is limited to that percentage of comparative fault attributable to the Defendant, if any. Utah Code §§ 78B-5-818; 819; 820 *et seq*. The parties have not yet commenced discovery. A reasonable time after Defendant discovers

additional factual and/or legal bases on which fault can be allocated it will provide a supplemental notice pursuant to DUCivR 9(1)(b).

### SEVENTEENTH AFFIRMATIVE DEFENSE

109. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserve the right to amend its Answer and assert such defenses.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of the Complaint;

2. For its costs of suit herein;

3. For attorney's fees to the extent available by law or contract; and

4. For such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury in this action.

Dated: September 5, 2014

                LARSEN CHRISTENSEN & RICO, PLLC

                /s/ Jon A. Reed
                _____
                William H. Christensen
                Jon A. Reed
                *Attorneys for LVNV Funding, LLC*

<u>Of Counsel</u>
YU | MOHANDESI, LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

## **CERTIFICATE OF SERVICE**

      I hereby certify that true and correct copies of the foregoing <u>DEFENDANT LVNV FUNDING, LLC'S ANSWER TO PLAINTIFFS ALEXIS REID AND TAYLOR REID'S COMPLAINT</u> were served by the manner indicated below on September 5, 2014 on the following persons:

| | |
|---|---|
| Gregory J. Sanders<br>Patrick C. Burt<br>Kipp and Christian, P.C.<br>10 Exchange Place, 4th Floor<br>Salt Lake City, Utah 84111<br>gsanders@kippandchristian.com<br>pburt@kippandchristian.com | ☐ Via U.S. Mail postage prepaid<br>■ Via the court's electronic filing system<br>☐ Via Hand Delivery<br>☐ Via e-mail transmission<br>☐ Other: _____ |
| Eric A. Stephenson<br>360 North Cutler Drive<br>North Salt Lake, Utah 84054<br>eric@utahjustice.com | ☐ Via U.S. Mail postage prepaid<br>■ Via the court's electronic filing system<br>☐ Via Hand Delivery<br>☐ Via e-mail transmission<br>☐ Other: _____ |

                                                *Jon A. Reed*