Eric Stephenson #9779
Stephenson Law Firm PLLC
Attorney for Plaintiffs
299 South Main Street, Suite 1300
Salt Lake City, Utah 84111
Telephone: (844) 529-2112
Facsimile: (801) 906-5799
Email: Eric@Utahjustice.com

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| Alexis Reid and Taylor Reid,<br><br>       Plaintiffs,<br>vs.<br><br>LVNV Funding LLC; Constantino Law Office P.C.; and Gregory Constantino,<br><br>       Defendants. | **ATTORNEY PLANNING MEETING REPORT**<br><br><br>Case Number: 2:14-cv-00471-DAK<br><br>Judge: Dale A. Kimball |

**1.    PRELIMINARY MATTERS**:

   a.  The nature of the claims and affirmative defenses is:

      i.  Plaintiff claims that Defendants violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.,) the Utah Consumer Sales Practices Act (Utah Code Ann. § 13-11-1 *et seq*.,) invasion of privacy, negligence, and wrongful garnishment.

      ii.  Defendants alleged numerous affirmative defenses*, inter alia*, failure to state a claim upon which relief may be granted, estoppel, waiver, unclean hands, laches, failure to mitigate damages, bona fide error, apportionment, and contributory negligence.

    b. Pursuant to Fed. R.Civ.P. 26(f), the parties discussed scheduling this case through written correspondence exchanged between 10/8/2014 and 10/13/2014.

    The following were involved in the discussions:

        Eric Stephenson, counsel for Plaintiffs.

        Jon A. Reed, counsel for Defendant LVNV Funding LLC.

        Gregory J. Sanders, counsel for the Constantino Defendants.

    c. A scheduling conference has not been arranged by the court.

    d. The parties agree to exchange the initial disclosures required by Rule 26(a)(1) by 10/28/2014.

**2.** **ELECTRONIC SERVICE**:

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed.R.Civ.P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

**3.** **DISCOVERY PLAN**: The parties agreed to the following discovery plan:

    a. Discovery is necessary on the following subjects: Those subjects described under Fed.R.Civ.P. 26(b)(1).

    b. Discovery Phases.

        Fact Discovery should be concluded on or before 4/14/2015.

        Expert Discovery should be concluded on or before 8/21/2015.

      c.      Designate the discovery methods to be used and the limitations to be imposed.

           (1)     Oral Exam Depositions

                Plaintiff(s): 10

                Defendant(s): 10

                Maximum no. hrs. per deposition: 7

           (2)     Interrogatories: 25

                Requests for Production: 25

           (3)     Admissions: No limit

           (4)     Other discovery methods:  None anticipated

**4.**    **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

    a.    The cutoff dates for filing a motion to amend pleadings is 1/14/2015.

    b.    The cutoff dates for filing a motion to join additional parties is 1/14/2015.

**5.**    **EXPERT REPORTS**:

Plaintiff's expert reports under Rule 26(a)(2) will be submitted no later than 5/12/2015.

Defendant's expert reports under Rule 26(a)(2) will be submitted no later than 6/12/2015.

Rebuttal expert reports under Rule 26(a)(2) will be submitted no later than 7/16/2015.

Expert depositions should be concluded by 8/21/2015.

**6.**    **OTHER DEADLINES**:

    a.    Deadline for filing dispositive or potentially dispositive motions and Daubert motions is 9/8/2015.

7. **ADR/SETTLEMENT**:

   a. The potential for resolution before trial is: Unknown at this time.

   b. This case may be referred to the court's alternative dispute resolution program for mediation after the parties have conducted preliminary discovery.

8. **TRIAL AND PREPARATION FOR TRIAL:**

   a. The parties agree to exchange the final lists of witnesses and exhibits required by Rule 26(a)(3) by 1/8/2016.

   b. The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

   c. This case should be ready for trial by jury on: 2/10/2016.

   d. The estimated length of the trial is: 2 days.

DATED: October 13, 2014.

/s/ Eric Stephenson
Attorney for Plaintiffs


/s/ Jon A. Reed
Attorney for Defendant LVNV Funding LLC


/s/ Gregory J. Sanders
Attorney for the Constantino Defendants

CERTIFICE OF SERVICE

I hereby certify that on October 13, 2014 a true and correct copy of the foregoing Attorney Planning Meeting Report was filed through the Court's CM/ECF system which sent notice to all counsel of record listed below:

Gregory J. Sanders #2858
Patrick C. Burt #11138
Kipp and Christian, P.C.
Attorneys for Constantino Defendants
10 Exchange Place, 4th Floor
Salt Lake City, Utah 84111

William H. Christensen #4810
Jon A. Reed #13848
Larsen Christensen & Rico, PLLC
Attorneys for Defendant LVNV Funding, LLC
170 South Main Street, Suite 1150
Salt Lake City, Utah 84101

/s/ Eric Stephenson_____
Attorney for Plaintiffs