IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALEXIS REID AND TAYLOR REID, | |
| **Plaintiffs,** | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| LVNV FUNDING LLC; CONSTANTINO LAW OFFICE P.C. AND GREGORY CONSTANTINO, | Case No.  2:14cv471DAK |
| **Defendants.** | Judge Dale A. Kimball |

This matter is before the court on the Defendants' Motion for Judgment on the Pleadings on Plaintiff's Third Cause of Action.[1]  The court held a hearing on the motion on February 4, 2015.   At the hearing, Plaintiff was represented by Eric Stephenson, and Defendant was represented by Patrick Burt.   The court took the matter under advisement.   The court has considered carefully the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion.   Now being fully advised, the court renders the following Memorandum Decision and Order.

---

1.  All of the Defendants filed a joint Motion for Judgment on the Pleadings.  However, after the court heard the motion but before this Order was issued, Plaintiffs notified the court that they had accepted a Rule 68 Offer of Judgment from Defendant LVNV Funding LLC.  Because Plaintiffs and Defendant LVNV have resolved the claims against LVNV, this Memorandum Decision and Order applies only to the remaining Defendants.

**BACKGROUND**

This matter arises from an improper garnishment due to apparent identity theft.  In July 2008, Defendant LVNV Funding ("LVNV") sued Amelia Tupouniua to collect a debt.  LVNV obtained a default judgment against Tupouniua in the amount of $1,503.  LVNV then coordinated with Defendant Gregory Constantino of Constantino Law Office P.C. (collectively, "Defendants") to garnish Tupouniua's wages to satisfy the judgment.  However, Tupouniua had apparently supplied Alexis Reid's ("Reid") Social Security Number ("SSN") in obtaining the credit she subsequently defaulted on, and Defendants mistakenly garnished Reid's wages to satisfy the judgment against Tupouniua.

In their collection efforts, in February of 2014, Defendants requested access to the employment records associated with the SSN from the 2008 judgment.  Defendants requested a writ of garnishment on March 25, 2014, which the court granted the next day.  The writ was served on Reid's employer on March 28, 2014.  Reid notified by her employer of the garnishment on April 2, 2014.  Defendants received the requested employment records (Reid's) on April 9, 2014.  The first garnishment was on April 18, 2014.  Reid's wages were garnished multiple times between April 18, 2014, and May 22, 2014.

Reid attempted to prove her identity to Defendants by showing them her passport, drivers' licence, social security card, and other reliable documentation. When Defendants refused to withdraw their request to garnish Reid's wages, Reid filed an objection to the garnishments in state court.  On May 2, 2014, the state court cleared up the identity confusion, ruling that Reid was not Tupouniua, and that the garnishments against Reid were unlawful.  The court also ordered Defendants to cease garnishing Reid's wages and to return all of the funds they had

previously garnished.  Defendants refunded to Reid the amount already garnished However,

Defendants garnished Reid's wages at least one more time, and subsequently refunded the

amount of the garnish to Reid.

Reid has now filed suit to recover against Defendants for their actions in trying to collect

the debt.  Reid asserts causes of action under the Fair Debt Collection Practices Act, the Utah

Consumer Sales Practices Act, as well as causes of action for invasion of privacy, negligence,

and wrongful garnishment.  Defendants then moved for judgment on the pleadings on Reid's

third claim for invasion of privacy by intrusion upon seclusion.

## DISCUSSION

Defendants seek judgment on the pleadings, pursuant to Federal Rule of Civil Procedure

12(c), on Reid's cause of action for invasion of privacy. The standards which govern a motion

under Rule 12(c) are the same as those which govern a motion under Rule 12(b)(6). *See Atl.*

*Richfield Co. v. Farm Credit Bank,* 226 F.3d 1138, 1160 (10th Cir. 2000). When considering a

motion for judgment on the pleadings, the court "accept[s] all facts pleaded by the non-moving

party as true and grant[s] all reasonable inferences from the pleadings in favor of the same." *Park*

*Univ. Enterprises, Inc. v. Am. Cas. Co.,* 442 F.3d 1239, 1244 (10th Cir. 2006). The motion

"should not be granted unless the moving party has clearly established that no material issue of

fact remains to be resolved" and the moving party "is entitled to judgment as a matter of law." *Id.*

Defendants argue that there are two possible bases for granting their motion.  First,

Defendants argue that the Complaint pointed to the Fair Debt Collection Practices Act

("FDCPA") as the body of law entitling Reid to a remedy, and it does not create or allow for an

individual cause of action for invasion of privacy.  Second, Defendants argue that the facts as

alleged do not satisfy the threshold determination the court must make for the invasion of privacy claim to succeed.

## I. Invasion of Privacy

The parties dispute whether Reid's Complaint alleges a claim for invasion of privacy under the FDCPA or Utah Common law.  Reid's Third Cause of Action is entitled "Invasion of Privacy."  Although the title of the cause of action does not refer to the FDCPA, the allegations within the cause of action cite to a provision of the FDCPA recognizing that "abusive debt collection practices contribute to . . . invasions of individual privacy." 15 U.S.C. § 1692(a). Defendants contend that this reference to the FDCPA attempts to assert a claim under the act that does not exist. However, Reid asserts that the invasion of privacy cause of action is a common law claim and her reference to the FDCPA was done merely to demonstrate that the FDCPA does not preclude such claims.

The FDCPA does not create a cause of action for invasion of privacy.  But the FDCPA, as the Complaint points out, does recognize that invasion of privacy claims may arise from unfair debt collection practices.  Pointing to the FDCPA to demonstrate that the claim is appropriate does not mean the claim is being brought pursuant to the FDCPA. Reid is merely providing support for the existence of a common law claim.

Defendants cite a case from the Southern District of Alabama, *Bandy v. Midland Funding LLC*, which recognizes that the FDCPA does not create a separate, federal tort claim for an invasion of privacy.  *Bandy v. Midland Funding, LLC*, No. CIV.A. 12-0049-KD-C, 2013 WL 210730 (S.D. Ala. Jan. 18, 2013).  *Bandy* is similar to the instant case in that the plaintiff there alleged FDCPA violations and invasion of privacy, as here.  However, the plaintiff in *Bandy* also

4

asserted that there was a federal cause of action for invasion of privacy, which Reid has not done in this case.  The court in *Bandy* dismissed the federal claims, which removed the supplemental jurisdiction to hear the state law claims, of which invasion of privacy was one.  *Id.* at *10.

Reid cites another Alabama case, *Samuels v. Midland Funding LLC*, where the court did not dismiss the federal claims.  *Samuels v. Midland Funding LLC*, 921 F.Supp 2d 1321 (S. D. Ala. 2013).  The invasion of privacy claim was allowed to proceed in that case, and the court maintained that it heard it as a common law claim: "The Court construes Count Two's references to the [FDCPA] . . . as intended only to point out a federal acknowledgment that debtors have privacy rights, not as an assertion that a federal cause of action for invasion of privacy exists or is pressed."  *Id.* at 1334 n.22.

The present case is more in line with *Samuels*, in that this Court recognizes Reid's claim of invasion of privacy as a state common law cause of action, which may be heard alongside the federal claims brought under the FDCPA.

Defendants also assert that the Complaint did not sufficiently plead the invasion of privacy claim.  The standard for determining the sufficiency of a complaint is established by *Twombly* and *Iqbal*, which established that a well-pleaded complaint must contain sufficient factual allegations that, if found to be true, would justify a remedy for the plaintiff.

> [T]o state a claim based on a violation of a clearly established right, respondent must plead sufficient factual matter . . . . In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they

5

> plausibly give rise to an entitlement to relief. (quoting *Bell Atlantic
> Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

*Ashcraft v. Iqbal*, 556 U.S. 662, 677 (2009).

The *Twombly/Iqbal* pleadings standard does not require a plaintiff to point to the specific body of law that creates the cause of action.  A plaintiff is required to make factual allegations that sufficiently support recovery under some legal framework, including the reasonable inferences which may be drawn from those allegations.  "At a minimum, notice pleading requires that a complaint containing inferential allegations from which we can identify each of the material elements necessary to sustain a recovery under *some* viable legal theory." *Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 960 (11th Cir. 2009) (emphasis added, quotes omitted).  The Court "pays little heed to the labels placed on a particular claim, favoring instead an evaluation based on the essence and substance of the claim."  *Jensen v. Sayers*, 130 P.3d 325, 333 (Utah 2005).

Invasion of privacy is a common law cause of action extensively recognized in American jurisprudence.  *Jensen v. Sawyers*, 130 P.3d 325, 2005 UT 81 (Utah 2005); *See also* Warren & Brandeis, The Right to Privacy, 4 HARV. L. REV. 193 (1890).  The tort claim is routinely litigated in cases involving unfair or abusive collection conduct.  *See* R. Hobbs *et al.*, National Consumer law Center, Fair Debt Collection §§ 9.3, 10.2.4.2 (7th ed. 2011).  And although it is often raised in conjunction with the FDCPA, invasion of privacy is an independent tort.  Warren & Brandeis, The Right to Privacy, 4 HARV. L. REV. 193 (1890).

The Complaint substantively alleges the common law elements of an invasion of privacy by intrusion upon seclusion.  An invasion of privacy claim has two elements:  1) there was an

intentional, substantial intrusion; and (2) the intrusion was highly offensive to a reasonable person.  *Stein v. Marriott Ownership Resorts, Inc.*, 944 P.2d 374, 378-79 (Utah Ct. App. 1997). The Complaint states: "Defendants intentionally or negligently invaded Plaintiffs' right to privacy by causing emotional harm to Plaintiffs in engaging in the highly offensive conduct described herein."  Reid further alleges that: Defendants gained access to Reid's confidential employment records; Defendants falsely represented to Reid's employer that Reid had an alias; Defendants failed to conduct the statutorily required reasonable inquiry to verify that Reid was the actual debtor; Defendants failed to stop the garnishment after being made aware that Reid was not the debtor, and forced Reid to obtain judicial relief in state court to end the garnishment; and Defendants continued to garnish Reid's pay even after a state court ordered the garnishment to cease.  Construing the facts in the light most favorable to Reid, the court concludes that Reid has sufficiently pled a common law cause of action for invasion of privacy.

Therefore, the Court concludes that Defendants have not demonstrated a basis for dismissing Reid's invasion of privacy cause of action.  Although the FDCPA does not provide for such a claim, it does not preclude a common law cause of action for invasion of privacy. Reid has sufficiently pled a common law cause of action for invasion of privacy under Utah law. Accordingly, the court denies Defendant's Motion for Judgment on the Pleadings.

**II. Threshold Determination**

Defendants also contend that their Motion for Judgment on the Pleadings should be granted because the invasion of privacy claim fails to reach the threshold of what could be considered highly offensive conduct to the reasonable person.  Under Utah law, the second

element of an invasion of privacy claim requires a plaintiff to demonstrate that the intrusion was highly offensive to a reasonable person. *Stein v. Marriot Ownership Resorts, Inc.*, 944 P.2d 374, 378 (Utah Ct. App. 1997). In *Stein*, the court recognized that "although this determination is usually within the province of the jury, the trial court must make a threshold determination of offensiveness in discerning the existence of a cause of action for intrusion. *Id.* at 379.

*Stein*, however, was a case decided at the summary judgment stage. The parties had conducted discovery and introduced evidence to the court. Here, Defendants seek a determination based only on the allegations of the Complaint. The Court finds that such a determination is premature. In requesting that the Court make the threshold determination, Defendants assert arguments as to the reasonableness of their actions. The court, however, cannot consider only arguments from counsel to make the threshold determination, especially at the pleading stage. The parties should proceed with discovery and present the Court with evidence. Accordingly, the Court concludes that, at this stage of the litigation, Defendants are not entitled to judgment in their favor. Therefore, Defendants' Motion for Judgment on the Pleadings is denied.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Judgment on the Pleadings Re: Count III - Invasion of Privacy is DENIED.

DATED this 4th day of March, 2015.

BY THE COURT:

DALE A. KIMBALL,
United States District Judge

8