IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **Alexis Reid and Taylor Reid,**<br><br>     **Plaintiffs,**<br>v.<br><br>**LVNV Funding; Constantino Law Office P.C.; and Gregory Constantino,**<br><br>     **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:14-cv-00471-DAK |

This matter is before the court on Plaintiffs' Motion to Strike Notice of Intent to Allocate Fault. The court concludes that oral argument would not significantly aid the court in deciding the issues presented in Plaintiff's motion to strike. Having fully considered the motion, memoranda, and exhibits submitted by the parties and the facts and law relevant to this motion, the court enters the following order.

## BACKGROUND

On June 26, 2014, Plaintiffs brought this action relating to an incident of stolen identity, which resulted in a wrongful collection through wage garnishment on the part of Defendants. Defendants filed an Answer to Plaintiffs' Complaint on July 18, 2018. The deadline to amend pleadings or add parties was January 14, 2015. The deadline for fact discovery was April 14, 2015. Defendants Constantino Law Office and Gregory Constantino jointly filed a Notice of Intent to Allocate Fault on April 17, 2015. Defendants' Notice of Intent to Allocate Fault names three different parties: Amelia

Tupouniua, who is alleged to have stolen Plaintiff Alexis Reid's identity; Mark Andrus, the attorney who represented Ms. Reid in her challenge of the collection effort giving rise to this case; and AT&T Mobility Services, LLC, Ms. Reid's employer at the time of garnishment.

## DISCUSSION

### Motion to Strike

Plaintiffs ask this court to strike Defendants' Notice of Intent to Allocate Fault, arguing that it fails to comply with the procedural requirements of local rule DUCiv 9-1 and it is untimely.

A Notice of Allocation of Fault must comply with DUCiv9-1. According to Rule 9-1, a party seeking to allocate fault to a nonparty must file (1) a "description of the factual and legal basis on which fault can be allocated" and (2) "information known or reasonably available to the party that identifies the nonparty." Utah DUCivR 9-1(a). Finally, the required information "must be included in the party's responsive pleading if known to the party," or "included in a supplemental notice filed within a reasonable time after the party discovers the factual and legal basis on which fault can be allocated." Utah DUCivR 9-1(b).

**I. Procedural Requirements of Rule 9-1**

First, Plaintiffs contend that Defendants did not meet the procedural requirements of Rule 9-1 in their Answer. Defendants failed to identify Mr. Andrus or AT&T, and they did not assert that there were any unknown nonparties to whom fault should be allocated. Finally, although Defendants named Ms. Tupouniua in their Answer, they did not include

a sufficient "factual and legal basis" to link Ms. Tupouniua to Plaintiffs' causes of action. Utah DUCivR 9-1(a).

Defendants argue that, although their Answer did not meet the formal notice requirements of Rule 9-1, their Notice of Allocation of Fault is still valid because the Plaintiffs were already aware of the involvement of all the nonparties at the time the suit was filed. However, this argument misconstrues the purpose of Rule 9-1, which serves to give notice of the opposing party's intent to allocate fault, not merely to provide information concerning nonparties who may be involved. When proper notice is not given under Rule 9-1, a plaintiff is unlikely to allocate valuable resources to fact discovery related to nonparties during discovery.

**II. Timeliness**

Plaintiffs also argue that Defendants' supplemental Notice of Intent to Allocate Fault was not filed within a reasonable time after discovering the factual and legal basis on which fault can be allocated. Defendants assert that the supplemental notice was timely because they filed it only eight days after deposing Taylor and Alexis Reid. The court finds this argument to be meritless, however, because nowhere in the attached portions of either Plaintiffs' depositions is there information that was included in Defendants' supplemental Notice of Intent to Allocate Fault and that was unavailable at the time Defendants filed their Answer last July.

Defendants also argue that Rule 9-1 allows an allocating party to file a notice of allocation of fault up to 90 days before trial. But that exemption only applies when the information contained in the notice was unknown to the allocating party at the time they served their responsive pleading. *See Mason v. Brigham Young Univ.*, No. 2:06-CV-826

3

TS, 2008 WL 312920, at *3 (D. Utah Feb. 1, 2008)(unpublished). Therefore, the court concludes that Defendants' Notice of Intent to Allocate Fault is untimely.

## CONCLUSION

Based on the above reasoning, this Court hereby GRANTS Plaintiffs' Motion to Strike Defendants' Notice of Intent to Allocate Fault.

DATED this 2d day of June, 2015.

BY THE COURT:

_____
DALE A. KIMBALL,
United Sates District Judge