# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ALEXIS and TAYLOR REID,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>LVNV FUNDING, LLC,<br>CONSTANTINO LAW OFFICE, P.C.<br>and GREGORY CONSTANTINO,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:14CV471DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiffs Alexis and Taylor Reid's Motion for Partial Summary Judgment and Defendants Gregory Constantino and Constantino Law Office, P.C.'s Cross Motion for Summary Judgment. On November 24, 2015, the court held a hearing on the motions. At the hearing, Plaintiffs were represented by Eric Stephenson, and Defendants were represented by Gregory J. Sanders and S. Shane Stroud. The court took the motions under advisement. The court has considered carefully the memoranda submitted by the parties, as well as the law and facts relating to the motions. Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

This matter arises from an improper garnishment due to apparent identity theft. In July 2008, Defendant LVNV Funding ("LVNV") sued Amelia Tupouniua to collect a debt. LVNV

obtained a default judgment against Tupouniua in the amount of $1,503.00.  LVNV then coordinated with Defendant Gregory Constantino of Constantino Law Office P.C. (collectively, "Defendants") to garnish Tupouniua's wages to satisfy the judgment.  However, Tupouniua had apparently supplied Alexis Reid's ("Reid") Social Security Number ("SSN") in obtaining the credit she subsequently defaulted on, and Defendants garnished Reid's wages to satisfy the judgment against Tupouniua.

On March 26, 2014, Defendants received a writ of garnishment from the state court. Defendants served the writ on Reid's employer, AT&T Mobility, on March 28, 2014.  The writ stated to Reid's employer that Tupouniua was "aka Alexis Reid."  AT&T Mobility notified Reid of the garnishment on April 2, 2014.

After AT&T Mobility notified Alexis Reid of the garnishment, Taylor Reid contacted Defendants and tried to clear up the mistake.  Defendants told Taylor Reid to provide several forms of identification.  The next day, the Reids provided Defendants with Alexis Reid's passport, driver's licence, social security card, and other reliable documentation.  Despite this information, Defendants continued with the garnishment.

When Defendants refused to stop garnishing Reid's wages, Reid filed an objection to the garnishments in state court.  On May 2, 2014, the state court ruled that the evidence regarding the identity confusion demonstrated that Reid was not Tupouniua or an "aka" for Tupouniua, and that the garnishments against Reid were unlawful.  The court ordered Defendants to cease garnishment of Reid's wages and to return Reid's funds that had been previously garnished.

Defendants sent a letter to Reid's employer to cease garnishment, but the letter contained the wrong information.  Two more garnishments occurred before Defendants sent a letter to

Reid's employer with the correct information.  In total, Reid's wages were garnished four times: April 11, 2014, for $323.11; April 24, 2014, for $593.22; May 8, 2014 for $328.81; and May 22, 2014, for $748.98.  The total amount garnished was $1,994.12.  Pursuant to the state court order, Defendants ultimately refunded Reid the total amount garnished.

Reid and her husband brought the present lawsuit to recover against Defendants for their collection of Tupouniua's debt from Reid.  The Reids assert claims for violations of the Fair Debt Collection Practices Act ("FDCPA"), the Utah Consumer Sales Practices Act ("UCSPA"), and state tort law claims for invasion of privacy, negligence, and wrongful garnishment.  The Reids settled their claims against LVNV.  Therefore, the Constantino Defendants are the only defendants remaining in the action.

## DISCUSSION

### Cross Motions for Summary

The Reids seek summary judgment on the liability portion of their Fair Debt Collection Practices Act ("FDCPA") claim.  In their cross motion for summary judgment, Defendants seek summary judgment on all of the Reids's claims.

**A.  Standing**

As an initial matter, Defendants argue that Taylor Reid has no standing to assert claims against them because all of their collection efforts were directed at Alexis Reid.  In order to establish standing, a litigant must show, "(1) that he has suffered an injury, (2) that the adverse party's action caused that injury of which he complains, and (3) that this Court can redress that injury."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

The Reids argue that Taylor Reid has standing because the FDCPA holds debt collectors liable to "any person" for violations of the Act.  Under the FDCPA, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person."  15 U.S.C.A. § 1692k(a).  Similarly, the Reids argue that Taylor Reid has standing to bring a claim under the UCSPA because the UCSPA grants standing to any "consumer who suffers a loss as a result of a violation" of the Act.  Utah Code Ann. § 13-11-19(2).

Defendants contend that these statutes do not provide Taylor Reid with standing because none of the collection efforts were directed at him.  Defendants argue that a non-debtor has no standing to bring claims under the FDCPA and claims under the UCSPA are limited to consumers.  However, this ignores the fact that Alexis Reid was neither a debtor nor a consumer. This is not a case where Alexis Reid was a debtor, unfair collection efforts were made against her, and her husband is attempting to have standing under her credit agreement.  Defendant merely mistook Alexis for the debtor.  Nonetheless, Defendants are correct that only Alexis's wages were garnished because of the mistaken identity.

Taylor Reid became involved in the case when he called Defendants regarding the garnishments of Alexis's wages.  Defendants were willing to communicate with him about the garnishment and mistaken identity issues.  However, only Alexis Reid legally challenged the garnishments in state court.

Despite the broad wording in the FDCPA and UCSPA, the Reids have cited to no cases interpreting these statutes to allow causes of action for all members of a family that may be become involved in an improper collection situation.  Even though Alexis Reid was not a debtor and was wrongfully targeted for garnishment, she was the only person whose wages were

4

garnished.  Taylor Reid chose to get involved in the situation to resolve Alexis's problem.  In essence, he called Defendants to represent Alexis's interests.  If an attorney had called Defendants on Alexis's behalf, the attorney would obviously not have separate claims.  To the extent that misrepresentations were made to Taylor in relation to the garnishment of Alexis's wages, those misrepresentations are part of Alexis's claims against Defendants.  In addition, the fact that Taylor relied on Alexis's wages does not automatically create standing.  Such an argument would extend standing in all FDCPA and UCSPA to children, spouses, and possibly parents.  No cases have allowed standing on such grounds.  While the loss of funds impacts the household, Alexis's claims can redress those harms.  Many of Taylor's damages could also be consequential damages in Alexis's cause of action.  The court is unwilling to find standing under the FDCPA and UCSPA when no other court has done so and the Reids have provided no cases in support of their position.

The court similarly finds that Taylor Reid has no standing under the negligence or invasion of privacy claims because the garnishment was not directed at him.  The Reids assert that Defendants were negligent in failing to properly investigate the debtor's actual identity and in pursuing the garnishment of Alexis's wages when there was conflicting evidence with respect to identity.  Only Alexis has legally cognizable injuries in relation to these allegations.  In addition, the invasion of privacy claim relates only to the garnishment of Alexis's wages.  To the extent that Taylor became involved in the dispute, he did so voluntarily and did so to represent Alexis's interests.  The court, therefore, concludes that Taylor Reid lacks standing.

### B.  FDCPA

Reid[1] seeks summary judgment, contending that the undisputed facts demonstrate that Defendants violated several provisions of the FDCPA as a matter of law.  Defendants, however, assert that they are entitled to summary judgment on Reid's FDCPA claim because she has failed to establish any violations.

To prevail on a claim under the FDCPA, Reid must demonstrate that Defendants engaged in prohibited conduct in attempting to collect a debt.  The FDCPA prohibits (1) collecting or attempting to collect "any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law," (2) falsely representing "the character, amount, or legal status of any debt," and (3) using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C.A. §§ 1692f(1), 1692e(2)(A), 1692e(10).

### 1.  Section 1692f(1)

First, Plaintiffs argue that Defendants violated Section 1692(f)(1) of the FDCPA by garnishing Reid's wages for a debt she did not owe.  Under Section 1692f(1), debt collectors may only collect amounts that are "expressly authorized by the agreement creating the debt or permitted by law."  15 U.S.C. § 1692f(1).  Defendants assert that their debt collection actions were pursuant to an agreement between LVNV and Tupouniua and authorized by law.  But Reid did not incur the debt, benefit from the debt, know that the debt existed, or have any liability for the debt because she had no relationship with Tupouniua, the real debtor.  The agreement

_____

[1]  Because the court has ruled that Taylor Reid lacks standing, the remainder of the court's Order will refer to Alexis Reid as Reid.

creating Tupouniua's debt with LVNV cannot be a basis for garnishing an unrelated third party's wages.  Therefore, LVNV's agreement with Tupouniua created the debt but did not authorize the garnishment of Alexis Reid's wages.

In addition, the garnishments were not permitted by law.  The state court already determined that the garnishments were unlawful.  Defendants claim that the garnishments were permitted by law because they followed proper procedures under Utah law.  However, Defendants can comply with the rules of civil procedure for garnishment proceedings and still be liable for a violation of the FDCPA for improper garnishment.  Defendants also claim that when AT&T Mobility stated that it employed the judgment debtor, Defendants could properly continue with the garnishment under Utah garnishment procedures.  However, Defendants told AT&T Mobility that Tupouniua was "aka Alexis Reid" without any basis for making such a statement. Defendants had not investigated whether Alexis Reid was an alias for Tupouniua.  The false representation is the only basis for AT&T Mobility's statement that it employed the judgment debtor.  AT&T Mobility's statement that it employed the judgment debtor, which was based on Defendants false representation, cannot provide a basis for the garnishment.  The state court correctly ruled that the garnishments were unlawful and this court agrees that the garnishment was not permitted by law.

The undisputed facts demonstrate that Defendants's garnishments of Reid's wages were not expressly authorized by the agreement creating the debt or permitted by law.  The court,

therefore, grants Reid's motion for summary judgment seeking a determination that Defendants

violated section 1692f(1) of the FDCPA as a matter of law.[2]

### 2. Section 1692e(2)(A)

Similarly, courts have concluded that garnishing wages from someone who did not owe

the debt falsely represents the legal nature of the debt under Section 1692e(2)(A) of the FDCPA.

*Johnson v. Bullhead Invs., LLC*, 2010 WL 118274 at *6 (M.D.N.C. Jan. 11. 2010).  Other courts

agree that attempting to collect a debt from a non-debtor "constitutes a 'false representation' as to

the character or status of the debt in violation of 1692e."  *Stuart v. AR Res., Inc.* 2011 WL

904167 at *4 & n.2 (E.D. Pa. Mar. 16, 2011); *Velazquez v. NCO Fin. Sys., Inc.*, 2011 WL

2135633 at *5 (E.D. Pa. May 31, 2011).  And, other courts have stated that persistently making

demands on someone for payment from a person not obligated to repay the debt gives rise to

liability under the FDCPA "as a matter of law because it is, *ipso facto*, a false representation

about the status or character of the debt."  *Owens v. Howe*, 2004 WL 6070565 at *11 (N.D. Ind.

Nov. 8, 2004).  Liability for falsely representing the character or legal status of a debt can be

predicated upon conduct that was neither knowing nor intentional.  *Gearing v. Check Brokerage

Corp.*, 233 F.3d 469, 473 (7th Cir. 2000); *Clark v. Captial Credit & Collection Servs., Inc.*, 460

F.3d 1162, 1174-75 (9th Cir. 2006).

In this case, Defendants misrepresented the nature of the debt when they sought a writ of

garnishment against Tupouniua and served it on Reid's employer, stating that Alexis Reid was an

---

[2]  Reid has filed a motion in limine to exclude expert testimony from former Utah State
District Court Judge John Paul Kennedy.  Judge Kennedy has been retained to testify that
Defendants complied with Rule 64D of the Utah Rules of Civil Procedure in the garnishment
proceedings.  Given the court's ruling on liability under the FDCPA, the court finds the
testimony irrelevant and improper.  Accordingly, Reid's motion in limine is granted.

"aka" of Tupouniua.  Moreover, every garnishment of Reid's wages constitutes a violation of Section 1692e(2)(A) of the FDCPA.  Therefore, the court grants Reid's motion for summary judgment on liability for violations of Section 1692e(2)(A).

### 3. Section 1692e(10)

Next, Reid argues that Defendants violated Section 1692e(10) of the FDCPA by using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  Defendants sought a writ of garnishment by providing the state court with incomplete information on the judgment debtor.  When presented with conflicting information regarding Tupouniua and Reid, Defendants should have investigated and resolved the issue before requesting the writ from the court.  Defendants concealed from the court that they had conflicting information about the identity and possible employment of the debtor.  Instead of providing this conflicting information, Defendants left the information out of its request.  Defendants told the state court that only Tupouniua was involved when they were seeking the writ of garnishment, and then when serving the writ of garnishment, Defendants told AT&T Mobility that Tupouniua was "aka Alexis Reid." Defendants failure to provide the state court with the evidence demonstrating that there was conflicting evidence as to the debtor's identity was deceptive.

In addition, when Defendants served the Writ of Garnishment on Reid's employer, they did so with a representation that Tupouniua was "aka Alexis Reid."  At that point in time, Defendants had information about the two people that did not match.  Despite the conflicting information, Defendants do not claim to have conducted any kind of investigation.  Instead, Defendants made the "aka" representation to Reid's employer knowing that the court had not

9

approved of a garnishment for Reid, only Tupouniua.  Defendant had no basis for making the

"aka" representation to AT&T Mobility.  The representation was false, deceptive, and done

without regard for Reid's rights.  The court, therefore, grants Reid's motion for summary

judgment for violations of Section 1692e(10) of the FDCPA.[3]

### 4. Bona Fide Error Defense

Defendants rely on the bona fide error defense in Section 1692k(c) of the FDCPA.  15

U.S.C. § 1692k(c).  To invoke the bona fide error defense, a debt collector must prove "that the

violation was (1) unintentional, (2) a bona fide error, and (3) made despite the maintenance of

procedures reasonably adapted to avoid the error." *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th

Cir. 2006).

Defendants argue that a reasonable fact finder could conclude that the Defendants

collection actions against Reid were the result of unintentional error.  Defendants rely mainly on

the fact that AT&T Mobility responded to the Writ of Garnishment that it employed the

judgment debtor.  However, this argument ignores the fact that Defendants told AT&T Mobility

in the materials sent with the Writ of Garnishment that Tupouniua was Alexis Reid.  As

discussed above, Defendants had conflicting evidence and failed to investigate.  Defendants

cannot claim to have made an innocent mistake in conducting the garnishment after failing to

investigate the conflicting information and making a representation that Alexis Reid was an alias

for Tupouniua without any basis.

---

[3]  Reid also argues that Defendants's statements that if Reid provided certain
documentation, the garnishment would stop.  These representations are not necessarily literally
false.  Reid did need to provide the documentation to establish that she was not Tupouniua and it
was that evidence that caused the state court to rule in her favor.  The court cannot conclude that
the representations are violations of the FDCPA as a matter of law.

In addition, Defendants's failure to resolve the conflicting information regarding the two individuals before garnishing the wages of someone other than the named judgment debtor is unreasonable as a matter of law.  The actual debtor was 20 years older than Reid, a different ethnicity, different address, telephone number, driver license number, social security number, and physical descriptions.  Defendants's decision to continue with the garnishments was objectively unreasonable.  The garnishments did not stop until after Reid had a court order and had filed a motion for sanctions.

Moreover, Defendants did not maintain any procedures reasonably adapted to avoid the violations they committed in this case.  Defendants attempt to explain how they followed the procedural rules for garnishment.  However, Defendants never explain what internal process they had in place to prevent them from seeking garnishment from the wrong person.  While the rules of civil procedure allow for a challenge to a writ of garnishment, that rule does not absolve debt collectors from liability under the FDCPA when they seek to collect a debt from the wrong person.  Debt collectors cannot repeatedly violate the FDCPA so long as they comply with the rules of civil procedure while they do it.

The defense requires Defendants to "establish a bona fide error for each and every alleged violation of the FDCPA."  *Caputo v. Professional Recovery Servs. Inc.*, 261 F. Supp. 2d 1249, 1259 (D. Kan. 2003).  Defendants do not attempt to explain the bona fide error for each violation. Specifically, with respect to the two garnishments that occurred after the state court ordered Defendants to stop the garnishments, Defendants have not attempted to demonstrate that the misinformation in the letter to Reid's employer was unintentional, a bona fide error, and made despite the maintenance of procedures reasonably adapted to avoid the error.  Rather, the

evidence demonstrates that when Defendants needed to avoid sanctions from the state court, they were capable of sending the correct information to Reid's employer and stopping the garnishments.  The court concludes that Defendants have not demonstrated that the bona fide error defense applies to any of the violations in this case.

The court concludes that Reid is entitled to summary judgment that Defendants's conduct constitutes violations of the FDCPA.  The determination of appropriate actual damages will be resolved by a jury.

## C. UCSPA

Defendants move for summary judgment on Reid's UCSPA claim. The UCSPA "shall be construed liberally" to "protect consumers from suppliers who commit deceptive and unconscionable sales practices."  Utah Code Ann. § 13-11-2.  "The plain language of the UCSPA specifically identifies intentional or knowing behavior as an element of a deceptive act or practice." *Martinez v. Best Buy Co.*, 2012 UT App 186 ¶ 4; *see also* Utah Code Ann. § 13-11-4(2) ("a supplier commits a deceptive act or practice if the supplier knowingly or intentionally" engages in certain conduct).  Defendants assert that they are entitled to summary judgment because there is no evidence that they knowingly or intentionally engaged in a deceptive act.

Under the UCSPA,  any deceptive act or practice by a supplier is prohibited "whether it occurs before, during, or after the transaction."  Utah Code Ann. § 13-11-4(1).  The Act provides for categories of conduct considered per se deceptive, such as charging a consumer for a transaction to which he did not agree.[4]

---

[4] Conduct may also be considered unconscionable under the UCSPA.  *See id.* § 13-11-5. "In determining whether an act or practice is unconscionable, the court shall consider circumstances which the supplier knew or had reason to know." *Id.* § 13-11-5(3).  Whether

In this case, a fact finder could find that Defendants's conduct was deceptive. There is evidence that Defendants knowingly garnished Reid's wages when there was conflicting information about whether she was the right person, withheld the conflicting information from state court in their application for a writ of garnishment, but then told Reid's employer that Reid was an alias for Tupouniua. Defendants's own documentation and deposition testimony demonstrate knowledge and intent. However, there is at least a question of fact for the jury as to whether Defendants's acted knowingly or intentionally. In addition, there is evidence in the record from which a jury could find that Defendants knew or should have known that they were making false representations. The court, therefore, finds no basis for granting Defendants's motion for summary judgment on Reid's UCSPA claim.

**D. Negligence**

Defendants next argue that Reid's negligence claim fails because Defendants did not owe her a duty. Reid's Complaint alleges that Defendants owed her a duty to exercise due diligence in determining she was the proper subject of LVNV's default judgment, in providing correct information to the state court, and in providing Reid's employer with correct information. Defendants, however, assert that it cannot have such "duties" because they are in direct conflict with their duties to their client, LVNV. Defendants recognize that an attorney may have a duty of reasonable care to a third party but argue that it depends on balancing the attorney's duty to represent clients vigorously. Defendants claim that they were acting to collect a debt for their client and any other actions would have been a breach of their duty to their client.

---

conduct is unconscionable is a question of law for the court to decide. *Id.* § 13-11-5(2). Reid has not moved for a determination from the court that Defendants's conduct was unconscionable. The UCSPA claim is before the court on Defendants's motion for summary judgment.

Defendants duty to their client, however, does not contradict with a duty to conduct a simple investigation to verify the debtor's identity before seeking to garnish the wages of someone with a name different than the judgment debtor.  Defendants never tried to communicate with Reid or the debtor, run a skip trace report, credit report, background check, or simple internet search before determining whether Tupouniua was an alias for Alexis Reid and making such statement to Reid's employer.  Any of these simple measures would have made it obvious that the two women were two different people.  Defendants's conduct is not excused by an attorney's duty of vigorous representation.

Attorneys have ethical obligations and state law explicitly requires a debt collector to exercise reasonable diligence in determining whether the person garnished is in fact the actual judgment debtor.  Defendants had a duty to provide Reid's employer with correct information.  Such a duty would have done nothing to impair Defendants's duties to their client.  In fact, it would have saved Defendants and Defendants's client from being sued in this lawsuit.

Defendants further argue that when they act as debt collectors their duties are defined by state and federal statutes and there is no need to redefine the duty and/or create another independent duty in tort.  However, it is well established that the FDCPA does not preempt state law affording consumers greater protection.  *See, e.g., Albright v. Allied Internat'l Credit Corp.*, 2003 WL 22350928, at * 1 (C.D. Cal. Aug. 25, 2003) ("Cases are legion that the FDCPA does not completely preempt state law.").  Section 1692n of the FDCPA states that "a State law is not inconsistent with this title of the protection such law affords any consumer is greater than the protection provided by this title."  The FDCPA, therefore, does not preclude Reid from have a

14

state common law cause of action for negligence.  Accordingly, the court denies Defendants's

motion for summary judgment on Reid's negligence claim.

**E.  Invasion of Privacy**

Finally, Defendants argue that Reid's invasion of privacy cause of action fails because

she has not shown how Defendants intruded upon her seclusion and, even if they did, that such

an intrusion would be highly offensive to a reasonable person.  "An [intrusion upon seclusion

invasion of privacy claim] has two elements: (1) an intentional, substantial intrusion, and (2) the

intrusion was highly offensive to a reasonable person."  *Reid v. LVNV Finding LLC*, 2015 WL

926146, at *4 (D. Utah Mar. 4. 2015).

Defendants argue that Reid cannot establish an intentional, substantial intrusion because

the only communications between the Reids and Defendants were initiated by the Reids.

However, the determination of what conduct rises to the level of an invasion of privacy is a

question of fact for a jury to decide.  *Stien v. Marriott Ownership Resorts*, 944 P.2d 374, 378

(Utah Ct. App. 1997).

In this case, Defendants obtained Reid's private employment records and told her

employer that she was a judgment debtor using an alias.  Defendants then required Reid to

produce even more private information to prove she was not the debtor even though they had not

satisfied their own burden of ensuring that they were pursuing the actual debtor.  Even after

providing all the requested information, which the state court determined was sufficient to

resolve the issue, Defendants required Reid to appear in court to prove her identity.  While some

intrusion on Reid's privacy may have been necessary to clear up the identity confusion, there is

15

sufficient evidence from which a jury could conclude that there was an intentional and substantial intrusion on Reid's solitude and expectation of privacy.

Even if Reid can show that there was an intrusion, Defendants argue that she cannot show that it was highly offensive because the communications were only an exchange of information and documents.  The concept of what is "highly offensive to a reasonable person" is highly factual in nature.  *Cruz v. Montoya*, 660 P.2d 723, 729 (Utah 1983).  A jury could easily find that having your employer told you were a judgment debtor using an alias is highly offensive.  In addition, there is evidence from which a jury could conclude that Defendants's intrusion of Reid's privacy was highly offensive because they prolonged the intrusion beyond reason.  The court, therefore, concludes that there is no basis for granting Defendants's motion for summary judgment on Reid's invasion of privacy claim.  Accordingly, the motion is denied.

## CONCLUSION

Based on the above reasoning, Plaintiffs's Motion for Partial Summary Judgment [Docket No. 40] is GRANTED.  Defendants are liable to Alexis Reid for violations of the FDCPA. Defendants Gregory Constantino and Constantino Law Office, P.C.'s Cross Motion for Summary Judgment [Docket No. 48] is GRANTED IN PART AND DENIED IN PART.  As explained more fully above, Defendants's motion is granted to the extent that it seeks a ruling that Taylor Reid lacks standing and denied in all other respects.  Reid's Motion in Limine to Exclude Expert Testimony [Docket No. 39] is GRANTED.

Dated this 20th day of January, 2016.

_____
Dale A. Kimball,
United States District Judge

16