**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **ALEXIS REID and TAYLOR REID,** | |
| **Plaintiffs,** | **MEMORANDUM DECISION AND ORDER** |
| **vs.** | |
| **LVNV FUNDING LLC; et al.,** | **Case No.  2:14CV471DAK** |
| **Defendants.** | **Judge Dale A. Kimball** |

This matter is before the court on Plaintiff Alexis Reid's Motion for Attorney's Fees. The motion is fully briefed.  The court concludes that a hearing would not significantly aid in its determination of the motion.  Accordingly, the court issues the following Memorandum Decision and Order based on the memoranda submitted by the parties and the law and facts relevant to the motion.

Plaintiff seeks attorney fees as the prevailing party in this Fair Debt Collection Practices Act ("FDCPA") case.  The FDCPA provides that "in the case of any successful action to enforce the foregoing liability, [the defendant is liable for] the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a).  In this case, Plaintiff reached a settlement with Defendants, in which Defendants agreed to pay Plaintiff's attorney's fees, and Defendants do not dispute that the FDCPA mandates an award of attorney's fees.

In awarding attorney fees under the FDCPA, a court applies the lodestar amount pursuant to *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010). The lodestar "is the 'number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Id.* (quoting *Hensley*, 461 U.S. at 433).

The parties do not dispute that Plaintiff's counsel's hourly rate of $320 is a reasonable hourly rate for a consumer litigation attorney of similar experience in the Salt Lake legal market. Therefore, the issue before the court is the number of hours reasonably expended on the litigation.

Plaintiff is seeking compensation for 382.4 attorney hours and $500 for paralegal assistance. Defendants, however, contend that Plaintiff should receive one-third of her requested fees. There are six factors in determining a reasonable fee: (1) "a reasonable fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case"; (2) "the lodestar method yields a fee that is presumptively sufficient to achieve this objective"; (3) "enhancement may be awarded in rare and exceptional circumstances"; (4) "an enhancement may not be awarded based on a fact that is subsumed in the lodestar calculation"; (5) "the burden of proving the enhancement . . . must be borne by the fee applicant"; and (6) "a fee applicant seeking an enhancement must produce specific evidence that supports the award." *Purdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552-53 (2010).

First, Defendants argue that Reid's requested award should be decreased because she achieved only limited success in this case. However, the court ruled in her favor on all of her

2

substantive claims.  Although the court dismissed her husband's claims, the court allowed Reid

to pursue most of his damages as household damages.  Therefore, the case was not "cut in half"

as Defendants suggest.  In actuality, Reid's ability to recover damages was only slightly limited

and the discovery regarding Taylor Reid's damages remained relevant to the case.  Taylor Reid's

claims were not based on different facts or legal theories.  Rather, the two Plaintiffs had highly

interconnected claims.  Hence the court's decision allowing Alexis to seek Taylor's damages as

her own at trial.  "Where a plaintiff has obtained excellent results, [her] attorney should recover a

fully compensatory fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).  Because Plaintiff

obtained excellent results, the court finds no basis for reducing her requested fee.

      Next, Defendants argue the Plaintiff's requested fee should be reduced because the case

did not involve complex issues.  Defendants claims that counsel cannot appeal to a case's

complexity in order to justify an exorbitant fee.  However, Plaintiff's counsel merely cites the

number of issues raised by Defendants and their vigorous defense to demonstrate that she was

required to respond to these defenses.  Plaintiff is not claiming that the subject matter of the work

was difficult.  Plaintiff is claiming that when Defendants raised issues, Plaintiff was required to

respond and she is entitled to fees for such work.  Had Plaintiff not responded, she would not

have been successful.  Defendant cannot choose to engage in aggressive litigation and then claim

it was not necessary.  The court finds no basis for reducing Plaintiff's requested fees on work her

counsel was required to undertake in response to Defendant's litigation strategy.

      Finally, Defendants argue that Plaintiff's counsel seeks fees unrelated to Plaintiff's

FDCPA claims and claimed inflated hours for the work expended.  For example, Defendants take

issue with counsel spending 19.5 hours drafting the Complaint, 52.55 hours preparing for four

depositions, and 5.2 hours speaking with a contract attorney retained to draft a response to

Defendants' motion for summary judgment.  In support of their assertions, Defendants submit a

Declaration from Scott Daniels, a well-respected Salt Lake litigator and former state court judge.

Mr. Daniels provides the specific amount of time he deems required in contrast to the amount of

time Plaintiff stated her counsel expended to complete certain tasks.  However, the court

recognizes that Plaintiff obtained a successful result based on the work expended and the court is

hesitant to second-guess the amount of time required to obtain a successful result, especially with

respect to motion practice.

Nonetheless, the court agrees that the time for drafting, finalizing, and filing the

Complaint should be reduced from 19.5 hours to 10.0 hours, the time for work on the motion for

judgment on the pleadings should be reduced from 27.5 hours to 20.0 hours, the time spent for

depositions should be reduced from 61.8 hours to 50 hours, the time expended on the expert

testimony motion in limine should be reduced from 29.4 hours to 20.0 hours, and the time

expended on preparation for the hearing on cross motions for summary judgment should be

reduced from 20 hours to 8 hours.  Based on these deductions, the court concludes that Plaintiff's

counsel's time of 382.40 hours should be reduced by 50.2 hours, or 332.2 hours.

Based on the above analysis, the court GRANTS Plaintiff's Motion for Attorney's Fees.

The court concludes that Plaintiff is entitled to reasonable attorney fees in the amount of

$106,804, which includes 332.2 attorney hours at $320.00 per hour and $500 in paralegal fees.

DATED this 29th day of August, 2016.

BY THE COURT:

_____

DALE A. KIMBALL
United States District Judge